**Fred GARULA, Plaintiff,**

**v.**

**Stewart L. UDALL, as Secretary of the Interior of the United States of America, Defendant.**

**Civ. A. No. 8998.**

United States District Court
D. Colorado.

April 26, 1967.

J. F. Little and David C. Little, Denver, Colo., for plaintiff.

Lawrence M. Henry, U. S. Atty. for Dist. of Colorado, Richard T. Spriggs and David I. Shedroff, Asst. U. S. Attys., Denver, Colo., and Herbert Pittle, Atty., Dept. of Justice, Washington, D. C., for defendant.

MEMORANDUM OPINION
AND ORDER

CHILSON, District Judge.

In an adversary proceeding instituted by the Bureau of Land Management of the Department of the Interior pursuant to the provisions of Part 221, Title 43,

Code of Federal Regulations, the Hearing Examiner declared null and void the Silver Spoon Lode Mining Claim, in Lot 1, Section 3, T. 4 S., R. 72 W., of the 6th Principal Meridian, in Clear Creek County, Colorado, because "no discovery" had been made. Upon appeal, the Examiner's decision was affirmed by the Assistant Director of the Bureau of Land Management and the Secretary of the Interior acting through the Assistant Solicitor for Land Appeals. The matter is now before the Court for review.

The Court concludes that the decision of the Examiner and its affirmance is founded on an erroneous interpretation of the legal requirements of "a discovery" and the decision must, therefore, be set aside.

The applicable statute, 30 U.S.C. § 23, provides: " * * * no location of a mining claim shall be made until the *discovery* of the vein or lode. * * *" (Emphasis supplied.)

The Supreme Court in Chrisman v. Miller, 197 U.S. 313, 25 S.Ct. 468, 49 L.Ed. 770 (1905) and Cameron v. United States, 252 U.S. 450, 40 S.Ct. 410, 64 L. Ed. 659 (1919), established the requirements of a discovery to be:

1. The discovery of minerals within the boundaries of the mining claim: and

2. The discovery must be such as would justify a person of ordinary prudence in the further expenditure of his time and means in an effort to develop a paying mine.

That there was a discovery of minerals within the boundaries of the mining claim is not in dispute. The question before the Examiner was whether or not the minerals discovered were such as would justify a person of ordinary prudence in the further expenditure of his time and means in an effort to develop a paying mine.

Although the Examiner referred to the tests set forth in *Chrisman* and *Cameron,* supra, it is clear that in arriving at his decision he added additional tests and

requirements to those established by *Chrisman* and *Cameron,* supra.

Thus, we find at page 11 of the Examiner's decision:

"Although it is not necessary that there be an actual disclosure of commercial ore at the discovery point, nevertheless, the showing required to validate a mining claim *must establish* that there has been discovered within the claim a mineral-bearing vein or lode 'possessing in and of itself a present or prospective value for mining purposes.' This requirement, however, cannot be satisfied by a showing of mere indication (no matter how strong) of the existence of minerals or by the discovery of isolated bits of mineral not connected with or leading to substantial prospective values, nor is it enough to show that further exploration may be warranted in the hopes of finding a valuable deposit."

We find nothing in *Chrisman* and *Cameron,* supra, requiring such tests or imposing such restrictions.

The Examiner's interpretation of a valid discovery is consistent with what appears to be Bureau of Land Management policy:

"Although the Land Department still recognizes the prudent man test and has stated that it is not necessary to show values which will demonstrate that a 'claim can be worked at a profit or that it is more probable than not that a profitable mine operation can be brought about,' at least in cases involving minerals having intrinsic value, the recent decisions of the Land Department indicate that it has adopted a very strict view of discovery, and is quite close to requiring a showing of commercial value even in cases not involving common varieties of mineral." (American Law of Mining, Vol. 1, § 4.26, pg. 645).

The requirements laid down by the Examiner are contrary to the intent and purpose of the mining law and in effect amount to a requirement of dis-

covery of ore of commercial value to validate a mining claim.

"If the miner were required to demonstrate commercial value at the time he makes his initial discovery, the intent of the mining laws would be totally frustrated; and the value requirement contained in the prudent man test thus seems to represent a reasonable tempering of the statutory value requirement to the very real problems facing the discoverer and locator who goes upon the ground to stake his claim." (American Law of Mining, Vol. I, § 4.26, pg. 643).

Plaintiff in this case is entitled to an adjudication of his rights upon a correct interpretation of the applicable law and the adjudication of his rights upon what the Court finds to be an erroneous interpretation cannot stand.

The decision of the Examiner and its affirmance by the Bureau of Land Management and the Secretary of Interior should be set aside without prejudice to further proceedings consistent with this Opinion.

The Court here notes that the record in this case was lost and although the parties by stipulation and other efforts endeavored to reconstruct the record, the results are inadequate for a proper review of the evidence. Therefore, further proceedings in this matter, if any, should be by the institution of a new proceeding pursuant to Part 221, Title 43, Code of Federal Regulations.

It is therefore ordered, adjudged and decreed that the decision of the Hearing Examiner entered on August 3, 1962, in Colorado Contest Number 224, United States v. Fred Garula, et al., declaring the Silver Spoon Lode Mining Claim, heretofore described, invalid and the decision of the Assistant Director of the Bureau of Land Management and the decision of the Assistant Solicitor of Land Appeals, acting for the Secretary of Interior, affirming the decision of the Hearing Examiner upon appeal, are hereby set aside without prejudice to the institution of a new proceeding pursuant to Part 221, Title 43, Code of Federal Regulations to contest the claim involved.