**Stewart L. UDALL, Secretary of the Interior of the United States of America, Appellant,**

v.

**Ruth SNYDER, Administratrix of the Estate of C. F. Snyder, Deceased, J. F. Allison, Marilyn Sitton, Administratrix of the Estate of Max Sitton, Deceased, and F. A. Sitton, Appellees.**

**No. 9671.**

United States Court of Appeals Tenth Circuit.

May 24, 1968.

On Rehearing En Banc Feb. 12, 1969.

George R. Hyde, Washington, D. C. (J. Edward Williams, Acting Asst. Atty. Gen. of the United States, Clyde O. Martz, Asst. Atty. Gen., Lawrence M. Henry, U. S. Atty. for the Dist. of Colorado, Richard T. Spriggs, Asst. U. S. Atty., and Roger P. Marquis, Atty., Dept. of Justice, with him on the brief), for appellant.

Hale C. Tognoni, John P. Frank of Lewis, Roca, Beauchamp and Linton, Phoenix, Ariz. (Robert L. Tognoni, Littleton, Colo., Tognoni & Pugh, Phoenix, Ariz., with him on the brief), for appellees.

Before LEWIS and HILL, Circuit Judges, and CHRISTENSEN, District Judge.

PER CURIAM.

Administrative proceedings culminated in a decision of the Secretary of the Interior that the appellees' unpatented lode mining claims were null and void for lack of discovery of a valuable mineral deposit[1] as of March 30, 1948 when these lands were withdrawn and reserved for the use of the Atomic Energy Commission subject only to valid existing rights.[2] No question was or is raised concerning the validity of the withdrawal order.

The trial court upon a review of the administrative record set aside the decision of the Hearing Officer of the Bureau of Land Management declaring the claims in question to be invalid, as confirmed by the District Director of the Bureau and by the Assistant Solicitor of Land Appeals acting for the Secretary of the Interior, on the grounds that the Secretary applied an erroneous test of mineral discovery, that witnesses for the government had been incompetent to testify as experts on the question of discovery and that the evidence was insufficient to support the administrative determination.

 We reverse on the authority of United States v. Coleman, 390 U.S. 599, 88 S.Ct. 1327, 20 L.Ed.2d 70, decided April 22, 1968. The appellee before us relied upon the opinion below in Coleman v. United States, 363 F.2d 190 (9 Cir. 1966). The trial court adopted reasoning similar to that of the Ninth Circuit. Cf. companion decision, Garula v. Udall, 268 F.Supp. 910 (D.C.Colo. 1967), today reversed, 405 F.2d 1181 (10 Cir. 1968). The Supreme Court now makes it plain to us that in the case at bar the Secretary applied the approved standard in determining that for want of a valuable mineral deposit no discovery had been made by appellee at the time the land in question was validly withdrawn; that the administrative determination was binding upon the court if supported by substantial evidence on the whole record; that the government witnesses were competent to testify as experts with reference to the prudent man test, and that the Secretary's decision was supported by substantial evidence on the whole record and was not clearly erroneous.

Of no determinative concern in this case are refinements of evidentiary problems concerning the extent to which resort may be had to technological aids and inferences in the modern context on the basic issue of mineral discovery as now defined by the Supreme Court. Nor do we find it necessary to decide whether, as contended by the Secretary, there is a more limited judicial review of his decisions in this type of case than the one accepted by the trial court and applied here.

ON REHEARING

EN BANC[1]

PER CURIAM.

This case having been reargued before the court sitting en banc on petition for rehearing we hold appellees' contentions to be without merit and adhere to the original opinion of the court filed herein.

1. Act of May 10, 1872, 17 Stat. 91, 30 U.S.C. § 22.

2. Public Land Order No. 459, Mar. 25, 1948, 13 Fed.Reg. 1763.

1. BREITENSTEIN, Circuit Judge, deeming himself disqualified, did not participate.